UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 10-50002-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| LALA BRIGGS, | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

Pending before the court is a motion to suppress statements and physical evidence filed by defendant Lala Briggs. (Docket 20). Pursuant to 28 U.S.C. § 636(b)(1)(B) and the court's standing order (Docket 9), Magistrate Judge Veronica L. Duffy held a hearing on this matter and issued a report and recommendation. (Docket 30). The magistrate judge recommended granting Mr. Briggs' motion in part and denying in part. Id. at p. 20. Mr. Briggs timely filed several objections to the report and recommendation. (Docket 32). The court reviews *de novo* those portions of the report and recommendation which are the subject of objections. Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(1). The court considers each objection in turn.

**DISCUSSION**

**A.    Objections to the Magistrate Judge's Factual Findings**

Mr. Briggs raises four objections to the magistrate judge's factual findings. (Docket 32 at pp. 1-3). First, Mr. Briggs objects to the following factual finding: "Shortly after Deputy Battest entered Mr. Briggs' apartment,

Mr. Briggs' mother and a thirteen[-]year-old boy entered the room where Mr. Briggs and Deputy Battest were standing." (Docket 30 at p. 3). Mr. Briggs argues the thirteen-year-old boy was not present in the room. (Docket 32 at p. 1). The court has reviewed the transcript of the suppression hearing and agrees with the magistrate judge, as evidenced by the following excerpt from Deputy Battest's testimony:

> As this is occurring, as we are stepping back further into the threshold of the apartment, his mother enters the room, essentially. It's one -- the kitchen and living room are one large open area. She enters the room. And there's also a 13-year-old boy in there. He entered also a short time after the mother did.

(TR p. 10, lines 21-25; p. 11, line 1).[1] Accordingly, Mr. Briggs' first objection to the magistrate judge's factual findings is overruled.

Secondly, Mr. Briggs objects to the following factual finding: "Deputy Battest instructed Deputy Oldson to secure the evidence in view on the dining room table to make sure it was not destroyed while a search warrant was being secured." (Docket 30 at p. 4). Mr. Briggs argues Deputy Battest instructed Deputy Oldson to secure the evidence so it could be taken after the arrest of Mr. Briggs was complete. (Docket 32 at pp. 1-2). The court has reviewed the transcript of the suppression hearing and agrees with the magistrate judge, as illustrated by the following excerpts from Deputy Battest's testimony:

> I directed Deputy Olson to go over to the table and basically secure the evidence that's at hand . . . .

---

[1] The court shall refer to the transcript of the June 15, 2010, suppression hearing in this case as "TR" followed by the corresponding page and line number(s) where the information may be found.

> . . . .
> My direction was pretty general, go over there. Remember, we have two other people in this house that are not handcuffed are [sic] not in my immediate control. So I directed him over to the table, one, because I didn't want other people in the residence to destroy the evidence, and stuff like that. . . .
> . . . .
> [W]hen the firearms were located, I advised Deputy Olson to secure what's there, what we see.
> . . . .
> [H]e brought in some evidence bags, and he put that stuff in evidence bags that's in plain view, so it's not laying out because I have unsecured people in the residence. So it's always my concern that evidence is going to be destroyed, so we put it in a container; the stuff that's in plain view we put it in a container; the firearm was cleared, secured at the table, and at that point I advised him don't do anything else, you know. . . .

(TR p. 23, lines 19-20; p. 25, lines 6-11; p. 27, lines 9-11 & 13-21). Mr. Brigg's second objection to the magistrate judge's factual findings is overruled.

Thirdly, Mr. Briggs objects to the following factual finding: "Deputy Battest testified that he believed Agent Griswold advised Mr. Briggs of his Miranda[2] rights when Agent Griswold arrived at the scene with the search warrant in hand." (Docket 30 at p. 5). The magistrate judge correctly paraphrased Deputy Battest's testimony. See TR p. 32, lines 23-25; p. 33, lines 1-6. The court believes Mr. Briggs actually objects to the magistrate judge's finding that Mr. Briggs "was never advised of his Miranda rights until Agent Griswold's arrival with the search warrant in hand." (Docket 30 at p. 7). The magistrate judge recommended the court suppress all statements made by Mr. Briggs to law enforcement "prior to the advisement of rights made by Agent

---

[2]Miranda v. Arizona, 384 U.S. 436 (1966).

3

Griswold[.]" Id. Mr. Briggs argues Deputy Battest's "uncertainty" regarding this issue does not prove Agent Griswold provided Miranda warnings. The court agrees with Mr. Briggs.

The government "bears the burden of proving by a preponderance of the evidence that Miranda warnings were either not necessary or that they were given and effectively waived." United States v. Perrin, No. CR 09-40052, 2009 WL 4906874 at *6 (D.S.D. Dec. 17, 2009). The government introduced *only* Deputy Battest's testimony that he "believe[d]" Agent Griswold administered Miranda warnings to Mr. Briggs. The government did not call Agent Griswold nor introduce any exhibit clarifying this issue. No evidence was introduced demonstrating Mr. Briggs effectively waived his Miranda rights in the event they were given. Because the government failed in its burden of proof on this issue, the court shall suppress from use in the government's case-in-chief *all* statements made by Mr. Briggs to law enforcement on December 21, 2009.[3] Accordingly, the court sustains Mr. Briggs' third objection and adopts the magistrate judge's recommendation to suppress Mr. Briggs' statements as modified above.

Finally, Mr. Briggs objects to the magistrate judge's alleged omission of "certain relevant facts." (Docket 32 at p. 2). Deputy Battest gave the following

---

[3]In his motion to suppress, Mr. Briggs limits his request to statements he made to law enforcement on December 21, 2009. (Docket 20 at p. 1). It does not appear Mr. Briggs made any other statements to law enforcement at another time.

4

testimony:[4] he had been "working warrants for a couple of years" prior to the encounter with Mr. Briggs (TR p. 28, lines 16-19); he testified it was "somewhat common" while serving warrants to encounter situations where people have some other contraband that give rise to separate criminal charges (TR p. 29, lines 23-25; p. 30, lines 1-5); he served "lots of" felony arrest warrants that were drug related (TR p. 29, lines 3-8); he could not "think of a circumstance similar to this one . . . where . . . there's an overwhelming smell of marijuana," thereby leading him to request a search warrant while serving an arrest warrant (TR p. 29, lines 9-22); and it was one of the patrol supervisors arriving at the scene after Mr. Briggs made incriminating statements who contacted Agent Griswold to secure a search warrant (TR p. 27, lines 21-25). The court agrees Deputy Battest gave such testimony and the magistrate judge did not include this testimony in her report and recommendation. Therefore, Mr. Briggs' objection is sustained. However, the court finds the inclusion of this information would not have materially altered the magistrate judge's analysis and, thus, the omissions are harmless.

B.  **Objection to the Magistrate Judge's Conclusion Regarding the Voluntariness of Statements**

The magistrate judge concluded Mr. Briggs' statements to law enforcement were voluntary despite the Miranda violation. (Docket 30 at pp. 7-

---

[4]Mr. Briggs' paraphrasing of Deputy Battest's testimony differs in some respects from Deputy Battest's actual testimony. The court considers Mr. Briggs' objection in light of the actual testimony provided by Deputy Battest.

5

12).  Mr. Briggs objects to this finding, arguing he had "no real choice but to answer [Deputy] Battest's questions."  (Docket 32 at p. 3).  Mr. Briggs points to the fact he was unaware of his <u>Miranda</u> rights, he was under arrest, Deputy Battest asked him "accusatory" questions, and other officers were arriving at the scene.  <u>Id.</u> at pp. 3-4.  These factors allegedly rendered Mr. Briggs' statements involuntary.  <u>Id.</u> at p. 4.

Mr. Briggs does not find fault with the magistrate judge's recitation of the law regarding voluntary confessions.  (Docket 32 at pp. 3-4).  Indeed, Mr. Briggs offers no case law to rebut the magistrate judge's analysis.  <u>Id.</u>  The court finds the magistrate judge's review of the applicable case law to be accurate and agrees with her conclusions.  There is no evidence Mr. Briggs was unaware of his actions or was not fully functioning because he was under the influence of narcotics or alcohol.  There is no evidence Mr. Briggs suffered from a particularly fragile mental state that would have made him more susceptible to police coercion.  Further, the court further finds the alleged actions of law enforcement were not the type of coercive activity intended to sap Mr. Briggs' self-control, overbear his will, and render his statements involuntary.  Accordingly, the court overrules Mr. Briggs' objection on this issue and adopts the magistrate judge's findings.

**C.    Objection to the Magistrate Judge's Conclusion Regarding Fruit of the Poisonous Tree**

The magistrate judge concluded the physical evidence seized by law enforcement from Mr. Briggs' apartment need not be suppressed because the

evidence was not the fruit of the poisonous tree. (Docket 30 at pp. 12-16). The magistrate judge based her conclusion on the finding that Mr. Briggs' statements were voluntary, although taken in violation of Miranda. Id. at p. 16. Again, Mr. Briggs does not object to the magistrate judge's recitation of the law. (Docket 32 at p. 4). However, Mr. Briggs argues "the magistrate's conclusion . . . cannot stand[]" because his statements were involuntary. Id. The court has already found Mr. Briggs' statements to be voluntary. Further, the court agrees with the magistrate judge's recitation of the law. Accordingly, the court overrules Mr. Briggs' objection on this issue and adopts the magistrate judge's recommendation to deny Mr. Briggs' motion to suppress the physical evidence seized from his apartment.

**D.     Objection to the Magistrate Judge's Conclusion Regarding Inevitable Discovery**

Alternatively, the magistrate judge found the physical evidence need not be suppressed because it would have been discovered inevitably. (Docket 30 at pp. 16-20). The court need not reach this alternative ground as it is clear suppression of the physical evidence is unwarranted. Accordingly, Mr. Briggs' objection on this issue is overruled as moot.

## CONCLUSION

In accordance with the above discussion, it is hereby

ORDERED that Mr. Briggs' motion to suppress (Docket 20) is denied in part and granted in part. The unwarned statements given by Mr. Briggs to law enforcement on December 21, 2009, shall be suppressed from use in the

government's case-in-chief.  The physical evidence seized from Mr. Briggs' apartment shall not be suppressed.

IT IS FURTHER ORDERED the magistrate judge's report and recommendation (Docket 30) shall be adopted in part and modified in part.

IT IS FURTHER ORDERED that Mr. Briggs' objections (Docket 32) shall be overruled in part and sustained in part.

Dated July 22, 2010.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE